IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE JANELL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2975 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| THE COOK COUNTY BOARD OF REVIEW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

As a result of her termination from employment, *pro se* plaintiff Marjorie Janell Brown ("Brown"), an African-American female, sues her former employer The Cook County Board of Review ("the board") for race, color and sex discrimination, and retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and 42 U.S.C. §1983. The board moves for summary judgment on all counts under Federal Rule of Civil Procedure 56.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires the non-moving party to submit a response "to each numbered paragraph in the moving party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). All relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary material." *Jupiter Aluminum Corp. v. Home Ins. Co.*,

1

225 F.3d 868, 871 (7th Cir. 2000); *see also Stewart v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir. 1993); *Wiskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir.1994).

The board filed and served its summary judgment motion on November 29, 2004. Brown submitted a three sentence response on December 20, 2004. She requested that the court deny the motion and schedule the case for a settlement conference, and stated that the parties had not completed discovery.[1] On December 27, 2004, the court ordered the board to fully comply with Local Rule 56 by January 3, 2005. Brown was granted an extension of time until January 24 to file a new response. The board filed and served proper Local Rule 56.2 notice on December 30, 2004. Brown was therefore required to comply with Local Rule 56.1 in responding to summary judgment. *See Morris v. IBM Global Services*, 2005 U.S. Dist. LEXIS 897, at *3 (N.D. Ill. Jan. 13, 2005); *Fisher v. Ameritech*, 2002 U.S. Dist. LEXIS 15643, at *11 (N.D. Ill. Aug. 22, 2002). She failed to file a response complying with Rule 56.1. Thus, the court must accept as true any relevant and properly supported facts set forth in the board's Rule 56 statement. *Fisher*, 2002 U.S. Dist. LEXIS, at *12.

## II. Facts

The board is a quasi-judicial agency vested with the power to hear and decide taxpayer complaints. Def. Facts at ¶ 6. Brown began working for the board in February 1999 as an Administrative Assistant 4. *Id.* at ¶¶ 4-5. She was hired by Commissioner Robert Shaw for his personal staff. *Id.* at ¶ 3. Charliemae Towbridge, an African-American female, directly supervised Brown. *Id.* at ¶ 11. The board terminated Brown's employment on October 15, 2003. *Id.* at ¶ 18.

---

[1] On May 28, 2004, the court set a November 26 discovery cutoff date. Neither party requested an extension of the deadline.

During the busy season, when taxpayers are allowed to appeal their property tax bills, all employees, including Brown, were offered opportunities to work overtime. *Id.* at ¶ 7. Overtime work had to be pre-approved. *Id.* at ¶¶ 7-8. Employees were either paid overtime or given compensatory time off as compensation for working overtime. *Id.* at ¶ 7. Employees were not normally allowed to use their compensatory time off during the busy season. *Id.* at ¶ 10.

Sometime after April 30, 2003, Towbridge reviewed Brown's written request to use her compensatory time off. *Id.* at ¶ 12. Towbridge believed Brown requested more time off than she had actually accrued. *Id.* She raised her concern with Commissioner Shaw. *Id.* There is no record evidence concerning this conversation between Towbridge and Shaw.

On July 13 and July 15, 2003, Brown complained in writing to Commissioner Shaw about her treatment.[2] *Id.* at Ex. 9. The board has attached letters written by Brown to Commissioner Shaw to its Rule 56 statement. *Id.* at Ex. 1. The letters do not complain of discrimination or a constitutional violation. Rather, the letters relate to Brown's overtime and compensatory time.

Beginning July 16, 2003, Brown was absent from work either the entire day or a portion of the day for 31 of the next 35 consecutive working days. *Id.* at ¶13. She had not accrued sufficient time off for all of these absences. *Id.* There is no record evidence that Commission Shaw knew of her absences.

In September 2003, Towbridge told Commissioner Berrios she believed Brown was attempting to improperly collect overtime and that she no longer wanted Brown working directly for

---

[2]The board attached a copy of Brown's charge of discrimination to its statement of undisputed facts. The charge is signed by Brown and made "under penalty of perjury." Thus, the court considers the statements made in the charge as evidence for purposes of summary judgment. *See Valentino v. Keller*, 1993 U.S. Dist. LEXIS 1981, at *7 (N.D. Ill. Feb. 23, 1993).

3

her. *Id.* at ¶ 14. Towbridge received approval to transfer Brown to work at the customer service counter. *Id.* at ¶ 15. While Brown was working behind the customer service counter, Towbridge overheard her criticize board staff and actions in the presence of customers. *Id.* at ¶ 16. Towbridge spoke to Commissioner Berrios about Brown's conduct. *Id.* There is no record evidence Commissioner Shaw learned of this conduct.

Brown was again transferred to a new work location where she performed clerical duties. *Id.* On September 30, 2003, she complained in writing to Commissioners Shaw, Berrios and Murphy about her transfer. *Id.* at Ex. 1. The board has attached a copy of the September 30 letter to its Rule 56 statement. *Id.* at Ex. 1. Brown's letter does not complain about discrimination or a constitutional violation.

Commissioner Shaw decided to terminate Brown's employment on October 15, 2003. *Id.* at ¶ 19. She was notified of her termination by the secretary of the board on October 15, 2003. *Id.* at ¶ 18. Neither Shaw nor the secretary made any statements to her suggesting she was terminated because of her race, color or gender. *Id.* at ¶ 20. The board's Rule 56 statement asserts that Brown was terminated for unsatisfactory work performance. *Id.* at ¶17. As support for the statement, the board cites its written response to Brown's request for unemployment benefits. *Id.* ¶17, Ex. 7. The document is inadmissible hearsay. Because the board provides no admissible evidence for the assertion Brown was terminated for unsatisfactory work performance, it is not accepted as true.

Cook County has equal employment opportunity, anti-sexual harassment and anti-discrimination policies that forbid discrimination in the workplace. *Id.* at ¶ 21. Brown did not submit a complaint to the human resources department or the to Illinois Human Rights Commission. *Id.* at ¶ 22. Instead, she filed her charge with the Equal Employment Opportunity Commission

4

("EEOC") on October 31, 2003, and received her right to sue letter on January 27, 2004. *Id.* at ¶¶ 23-24. She timely filed this case on April 26, 2004.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying evidence that demonstrates the absence of a genuine issue of material fact. The non-moving party must then come forward with evidence and designate specific facts that establish there is a genuine triable issue. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). "[A] *pro se* litigant does not escape the essential burdens necessary to avoid summary judgment." *Cavalieri-Conway v. L. Butterman & Assoc.*, 992 F. Supp. 995, 1001 (N.D. Ill. 1998).

### II. Analysis

#### A. Discrimination Claims Under Title VII, §1981 and §1983

Brown alleges the board discriminated against her on account of her race, color and gender by terminating her employment. To avoid summary judgment on her discrimination claims, Brown must present specific facts from which a reasonable juror could find that her termination was because of her race, color or gender. This same standard applies under Title VII, §1981 and §1983.

5

*Steinhauer v. Degolier*, 359 F.3d 481, 483 (7th Cir. 2004) (Title VII and §1983); *Bennet v. Roberts*, 295 F.3d 687, 697 (7th Cir. 2002) (Title VII and §1981). To prove discrimination, she must proffer either direct or indirect evidence of the board's discriminatory intent. *Bennet*, 295 F.3d at 694. Direct evidence may include open acknowledgment of discriminatory *animus*, or discriminatory comments sufficiently connected to her termination. *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994); *Perdomo v. Browner*, 67 F.3d 140, 144, n. 1 (7th Cir. 1995). Brown admitted no one told her she was terminated because of race, color or gender. Def. Facts at Ex. 3, p. 90. She also admitted she had no reason to believe Commissioner Shaw terminated her employment because of her race or color. Def. Facts at Ex. 3, p. 110. Nor has she advanced any other direct evidence of discrimination.

Under the indirect method, Brown must present evidence sufficient to establish a *prima facie* case of the board's discriminatory motive. She must show: (1) she belongs to a protected class; (2) she met the board's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) the board treated similarly situated employees outside the protected class more favorably. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1035 (7th Cir. 1999). If she is able to satisfy all four elements of a *prima facie* case, the burden of *production* shifts to the board to identify a nondiscriminatory reason for the actions taken. *Myrick v. Aramark Services, Inc.*, 2005 U.S. App. LEXIS 575, at *8 (7th Cir. Jan. 12, 2005). If the board articulates a non-discriminatory reason, Brown avoids summary judgment only if she can produce evidence that the reason given is pretextual. *Id.*

The board argues summary judgment should be granted because there is no genuine issue of material fact that: (1) Brown met the board's legitimate expectations; (2) a similarly situated person

outside her protected classes was treated more favorably; and (3) the board's stated reasons were pretextual.

### 1. The Board's Legitimate Expectations.

Brown has failed to meet her *prima facie* burden of showing that she met the board's legitimate performance expectations. There is no evidence that she was performing to the board's satisfaction at the time of her termination. Rather, the undisputed evidence shows that her direct supervisor, Towbridge, believed Brown attempted to take more compensatory time off than she had accrued. Towbridge discussed her concern with Commissioner Shaw. The undisputed evidence also shows Brown was excessively absent from work and openly criticized board staff in front of customers. She has not proffered any evidence disputing these facts or otherwise showing she met the board's legitimate performance expectations. Absent this evidence, she cannot establish a *prima facie* case of discrimination. *See Harvey v. Maytag Corp.*, 2004 U.S. App. LEXIS 15408, at * 17 (7th Cir. July 23, 2004); *Gulley v. Rockford Memorial Hospital*, 1995 U.S. App. LEXIS 12079, at *14 (7th Cir. May 19, 1995).

### 2. Similarly Situated Employees.

To satisfy her *prima facie* burden, Brown must show at least one similarly situated employee outside her protected classes was treated more favorably. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000). In cases where a plaintiff claims she was disciplined more harshly than a similarly situated employee, she must show she is similarly situated with respect to performance, qualifications and conduct. *Id.*

Brown has failed to identify a similarly situated employee outside of her protected classes who was not terminated. In her deposition, she testified that other employees came in late or did not

7

come in at all, but were treated more favorably. Def. Facts at Ex. 3, p. 90. However, there is no record evidence identifying these employees. Nor is there any evidence that they were similarly situated to Brown with respect to performance, qualifications and conduct. For instance, there is no evidence unidentified employees openly criticized board staff in the presence of customers. Because Brown has not met her *prima facie* burden of showing a similarly situated employee outside her protected classes was treated more favorably, summary judgment must be granted in the board's favor on her race, color and gender discrimination claims.

3. **Pretext**

Because Brown has not met her burden of establishing a *prima facie* case, the burden does not shift to the board to provide a non-discriminatory reason for her termination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252 (1981). Accordingly, the court does not reach the issue of pretext.

4. **Additional §1983 and §1981 Arguments.**

The board advances additional arguments relating to the §§1983 and 1981 discrimination claims. First, the board argues it cannot be liable for the alleged discrimination because there is no evidence of a governmental policy, practice or custom that permitted the discrimination. This argument is rejected because there is at least a question of fact whether Commissioner Shaw had final policymaking authority. *See Miller v. Phelan*, 845 F. Supp. 1201, 1207, n. 14 (N.D. Ill. 1993). Second, the board also argues summary judgment should be granted on the §1981 claim because Brown did not have an employment contract. This argument lacks merit. An employee-at-will can maintain a claim under §1981. *See Walker v. Abbot Laboratories*, 340 F.3d 471, 478 (7th Cir. 2003).

## B. Hostile Work Environment

Brown alleges she was racially harassed by Towbridge. Title VII prohibits an employer from engaging in harassment that creates a hostile or offensive working environment based on race. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). For a hostile work environment claim "to be actionable, it must be sufficiently severe or pervasive so as to alter the conditions of the victim's employment and to create an abusive working atmosphere." *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 885 (7th Cir.1998), *quoting McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 479 (7th Cir.1996). Whether harassment is sufficiently severe or pervasive depends on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. These standards "are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998), *citing Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998).

Brown's complaint alleges she was subjected to Towbridge's derogatory and offensive racial remarks. More specifically, she alleges Towbridge referred to her as "a dumb black girl," told her she "trusted the whites and Spanish more than the Blacks because they tell her what she wanted to know . . ." and told attorneys and employees that she was "just a dumb clerk." Complaint, p. 4. Brown's complaint is not verified and she cannot rely on unsupported allegations to withstand summary judgment. Because there is no record evidence to substantiate her allegations, the court must grant summary judgment on the hostile work environment claim.

9

C.  **Retaliation**

Brown alleges her workload was reduced and she was terminated in retaliation for complaining about Towbridge's treatment. Complaint, p. 5. To establish a *prima facie* claim of retaliation, Brown must show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the adverse action and the protected expression. *McKenzie v. Illinois Dept. of Trans.*, 92 F.3d 473, 483 (7th Cir. 1996). To satisfy the first element, she must demonstrate she engaged in activity statutorily protected under Title VII. *Small v. WW Lodging, Inc.*, 2004 U.S. App. LEXIS 15974, at * 6 (7th Cir. July 30, 2004). Complaints about conduct not prohibited by Title VII do not support a retaliation claim under Title VII. *Id.*; *Hamner v. St. Vincent Hospital*, 224 F.3d 701, 707 (7th Cir. 2000).

Brown alleges she complained about the way Towbridge treated her. The only evidence in the record about complaints she made prior to her termination are her July and September 2003 letters. Def. Facts at Ex. 1. Brown's letters complain about overtime, comp-time and transfers. She did not complain about discrimination, or any other conduct prohibited by Title VII or §1981. Nor is there any evidence she complained about a constitutional violation prior to her termination, or that she was terminated in retaliation for exercising a constitutional right. *See Carreon v. Illinois Dep't of Human Services*, 2005 U.S. App. LEXIS 1092, at * 4 (7th Cir. Jan. 21, 2005) (retaliation under §1983). Absent evidence Brown engaged in a protected activity prior to her termination, summary judgment must be granted in the board's favor on her retaliation claim.

Finally, Brown cannot possibly show a causal link between her reduced workload or termination and her filing of the EEOC charge because she filed her charge after she was terminated. *See Manson v. GMC*, 2003 U.S. App. LEXIS 6613, at * 19-20 (7th Cir. April 4, 2003).

## CONCLUSION

The material facts are undisputed. For the foregoing reasons, the Cook County Board of Review is entitled to judgment as a matter of law.

February 22, 2005                                    ENTER:

                                                                    Suzanne B. Conlon
                                                                    United States District Judge